UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CORE-MARK MIDCONTINENT, INC., | Case No. 1:07-cv-850 |
| Plaintiff, | Magistrate Judge Timothy S. Black |
| vs. | **MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF ON LIABILITY** |
| DONALD R. BLOOM, | |
| Defendant. | |

This case is now before the Court on Plaintiff's motion for summary judgment (Doc. 17) and the parties' responsive memoranda (Docs. 19, 20). The parties have consented to disposition by the United States Magistrate Judge (Doc. 14).

## BACKGROUND AND FACTS

Defendant Bloom is the owner of Ohio Valley AFM, Inc. and its subsidiaries ("Ohio Valley"). As part of its business, Ohio Valley purchased consumer goods such as cigarettes and groceries for sale and distribution to numerous gasoline stations and convenience stores. In the course of doing so, Ohio Valley entered into a series of contractual agreements with Core-Mark that obliged Core-Mark to supply Ohio Valley with consumer goods. Core-Mark provides consumer commodities such as groceries and cigarettes and other sundries for gas stations and convenience stores. (Doc. 1.)

In return for Core-Mark's promise to supply these items, Ohio Valley promised to pay Core-Mark for goods received. Core-Mark and Ohio Valley entered into one such agreement in December 2005. Under the terms of that four-year agreement, Core-Mark

promised to supply Ohio Valley with, and Ohio Valley promised to pay Core-Mark for, convenience-store sundries. Ohio Valley soon fell behind in payments due to Core-Mark.

As a result, Core-Mark demanded additional security from Ohio Valley and Bloom. In June 2007, Ohio Valley executed a promissory note (the "note") in favor of Core- Mark. The note was in the amount of $1,800,000, and it was signed by Bloom in his capacity as president of Ohio Valley. In addition, Bloom executed a personal guarantee of payment (the "Guarantee") to Core-Mark. (*See* Doc. 17, Ex. 1) The Guarantee was signed concurrently with the note and is without conditions. In the Guarantee, Bloom guaranteed the payment of "all outstanding net account payable indebtedness of Ohio Valley AFM, Inc. and its subsidiaries" due to Core-Mark. However, Ohio Valley continued to fall behind in its payments to Core-Mark.

Ohio Valley then filed for bankruptcy. On September 11, 2007, the Ohio Court of Common Pleas of Hamilton County appointed a receiver for Ohio Valley and its affiliates. Under the terms of the receivership order, the receiver is empowered to sell the operations of Ohio Valley and to pursue a sale-leaseback to raise the funds necessary to meet Ohio Valley's cash requirements. Since then, the receiver and his counsel have represented that the receiver is attempting to sell Ohio Valley's assets. The receiver does not expect that a sale will result in payments to unsecured creditors such as Core-Mark. Although Core-Mark has demanded payment from Ohio Valley, Ohio Valley has never satisfied the debt it owes to Core-Mark. (*See* Doc. 17, Ex. 2, Jackson Aff.)

Accordingly, on October 12, 2008, Core-Mark filed the instant action against

defendant Bloom for breach of contract. Core-Mark seeks to recover over $5,000,000.00 from Bloom for all past-due receivables owed by Ohio Valley. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## ANALYSIS

In Ohio, a guarantee is "an undertaking by one person to be answerable for the payment of some debt, or the due performance of some contract or duty, by another person who himself remains liable to pay or perform the same." *Galloway v. Barnesville Loan*, 57 N.E.2d 337, 339 (Ohio App. 1943) (quoting 29 Ohio Jurisprudence 1063 § 308).

Ultimately, a guarantee is a contract, and the guarantor is bound by the express terms of the contract. *See Morgan v. Boyer*, 39 Ohio St. 324 (Ohio 1883). As with any other contract, the language used in the guarantee must be understood in its plain and ordinary sense. *Id*; *see also Barclays American/ Commercial, Inc. v. ROYP Marketing Group, Inc.*, 573 N.E.2d 1115 (Ohio App. 1988) (court of appeals held that a guarantee that included an absolute and unconditional promise to pay another's debts was unambiguous and enforceable).

As noted above, the Guarantee executed by the parties explicitly allows Core Mark to seek recovery from Bloom for Ohio Valley's continuing indebtedness:

> the undersigned Guarantor, intending to be legally bound, hereby personally guarantees [Core-Mark] the payment of all outstanding net account payable indebtedness from [Ohio Valley] to [Core-Mark].

(Doc. 17, Ex. 1.)

Furthermore, the Guarantee remains in effect until Ohio Valley "is within terms for a period of 30 days and provides [Core-Mark] with updated quarterly financials demonstrating positive cash flow and current assets exceeding current liabilities . . . ." (*Id.*) Thus, Bloom's personal guarantee remains in effect until Ohio Valley "comes into the agreed upon credit terms with Core-mark (sic)", at which point the "guarantee will expire." (*Id.* at 2.)

Here, however, Bloom argues that Core-Mark cancelled the Guarantee in July 2007. Bloom further maintains that in August 2007 he refused to sign a new guarantee submitted by Core-Mark. Thus, Bloom maintains that "the old guarantee was destroyed

by him" and that Core-Mark is now relying upon a copy of a "cancelled [guarantee] agreement." (Doc. 19, p. 2.) Bloom also asserts that if a debt is owed, it is much less than $5,000,000.00. (*Id.*)

Pursuant to the explicit language of the Guarantee, Bloom's personal liability would terminate only if: (1) Ohio Valley became current in its obligations to Core-Mark; or (2) his obligation was discharged in a writing signed by all of the parties to the guarantee. (Doc. 17, Ex. 1.) Bloom has offered no evidence that either of those circumstances ever occurred. Specifically, Bloom has failed to evidence to the Court a writing signed by all parties discharging the Guarantee. As a result, Bloom's guarantee of Ohio Valley's debt remains in force.[1]

Under the terms of the personal Guarantee, Bloom is liable to Core-Mark for "all outstanding net account payable indebtedness of Ohio Valley AFM, Inc. and its subsidiaries." Accordingly, upon careful review, the Court finds that Core-Mark is entitled to judgment as to liability as a matter of law upon the undisputed facts.

---

[1] Bloom's memorandum in opposition includes the verifications of two individuals who generally dispute the amount of Ohio Valley's indebtedness to Core-Mark. John Young, a former vice president of Ohio Valley, states that "it is my belief that Coremark has taken all of these outstanding account payable balances to these different companies and have (sic) wrongfully lump (sic) them under the Ohio Valley AFM group of companies. I feel that they are confusing the parent company which is Petro Acquisitions Inc. with Ohio Valley AFM Inc." (Doc. 19-1 at Ex. D). William Zembrodt, the former CFO of Ohio Valley, presents similar sworn averments. (*Id.* at Ex. C). *See also Id.* at Schedules A and B-1, & B.

## CONCLUSION

It is therefore **ORDERED** that Core-Mark's motion for summary judgment (Doc. 17) is **GRANTED** in favor of Plaintiff Core-Mark Midcontinent, Inc. and against Defendant Donald R. Bloom as to liability. However, the Court reserves ruling on the amount recoverable by Core-Mark, and hereby sets this matter for conference and argument on **Monday, October 27, 2008**, **at 10:00 a.m.,** in Room 716, Potter Stewart United States Courthouse, 100 E. Fifth Street, Cincinnati, Ohio.

**IT IS SO ORDERED.**


Date: October 14, 2008              s/Timothy S. Black
                                    Timothy S. Black
                                    United States Magistrate Judge